J-A23010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRIAN FLANAGAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MINE RUN, INC. D/B/A EAGLE | : | No. 187 EDA 2017 |
| STREAM  APARTMENTS, | : | |

Appeal from the Order Entered December 14, 2016
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2015-31734

BEFORE:   PANELLA, J., DUBOW, J., and FITZGERALD*, J.

DISSENTING STATEMENT BY DUBOW, J.:          **FILED DECEMBER 20, 2017**

I respectfully dissent and would affirm the trial court's denial of Appellant's Motion to Amend the Complaint.

The relevant facts are as follows.  Appellant fell on January 23, 2014, at the Eagle Stream Apartments.  On December 8, 2015, Appellant filed his Complaint against "Mine Run, Inc. d/b/a Eagle Stream Apartments" as the sole defendant.  On January 26, 2016, Mine Run, Inc., filed Preliminary Objections, arguing that Mine Run, Inc., does not own the property and the fictitious name of "Eagle Stream Apartments" is not registered to Mine Run, Inc.  At this point, more than two years had elapsed since Appellant's fall, so the statute of limitations had run and, thus, any claims against entities whom Appellant did not name in its Complaint would be barred.

---

*   Former Justice specially assigned to the Superior Court.

On February 6, 2016, Appellant attempted to correct his error by filing a First Amended Complaint. Appellant removed "Mine Run, Inc." from this version of the Complaint and changed the caption of the Complaint. The caption merely named "Eagle Stream Apartments" as the defendant; it did not name Eagle Stream Trust as a defendant. The only mention of Eagle Stream Trust is in one allegation where Appellant alleged that Eagle Stream Trust operates Eagle Stream Apartments. **See** First Amended Complaint, ¶ 8. Appellant had not sought leave of court to file his First Amended Complaint.

On April 6, 2016, over two months after the statute of limitations had run, Appellant filed a Motion for Leave to File an Amended Complaint and attached to the motion a Second Amended Complaint. In that Motion, Appellant described his request as "not add[ing] a new party to the complaint, but only serves to clarify the name of the Defendants operating as Eagle Stream Apartments[.]" Motion to Amend, ¶ 23.

The Second Amended Complaint again names "Eagle Stream Apartments" as the sole defendant and identifies it as "a business entity and/or fictitious name for a business entity which operates Eagle Stream Apartments at 313 Conestoga Way, Eagleville, Pennsylvania." (Second Amended Complaint, ¶ 2). Appellant removed from the Second Amended Complaint the allegation that Eagle Stream Trust operates the Eagle Stream Apartments.

When analyzing whether the plaintiff can amend a Complaint to change the name of the defendant after the Statute of Limitations has run, we must examine the "entities involved before and after the **proposed amendment**." **Fretts v. Pavetti**, 422 A.2d 881, 882. (Pa. Super. 1980) (emphasis in the original). When the original complaint seeks to impose liability against the assets of a business entity and the amendment is designed merely to correct the description of the business entity already made a party to the proceedings, the amendment is properly permitted. **Id.** In other words, the amendment is permissible when "the action is continued against a business entity and the **assets subject to liability** remain the same." **Id.** (emphasis in the original).

In this case, the only defendant Appellant named in the original Complaint was "Mine Run, Inc. d/b/a Eagle Stream Apartments." The Second Amended Complaint named "Eagle Stream Apartments." Since Mine Run, Inc. has no connection to Eagle Stream Apartments, the assets of Mine Run, Inc. do not remain "subject to liability" in the Second Amended Complaint and the trial court properly denied Appellant's Motion to Amend the Complaint.

I also disagree with the Majority's reliance on **Clark v. Wakefern Food Corp.**, 910 A.2d 715 (Pa.Super. 2006). In **Clark**, the plaintiff filed the Complaint against the correct fictitious party, but wrong corporate entity, Wakefern Food Corp. ("Wakefern"). Appellant selected Wakefern because Wakefern's insurance agent identified Wakefern as the correct corporate entity. Plaintiff's counsel discovered the error after the statute of limitations

had run and filed a Motion to File an Amended Complaint, which would be filed against the correct corporate entity. This Court held that the plaintiff could amend the Complaint after the Statute of Limitations has elapsed to include the correct corporate entity because an agent for Wakefern misidentified the correct corporate entity and the plaintiff relied upon that information.

In this case, there was no evidence that any party misled Appellant to believe that it was Mine Run, Inc. who was the owner or operator of Eagle Stream Apartments. Thus, **Clark** is inapplicable.

Finally, I disagree with the relief the Majority appears to grant in this case. The Majority, when discussing its approval of the dismissal of Mine Run, Inc. from this case, refuses to permit the dismissal of the owner and operator of Eagle Stream Apartments:

> Mine Run is certainly entitled to be dismissed as a defendant, based upon the record currently before us. **But the owner and operator of Eagle Stream Apartments at the time of Flanagan's fall is not**.

Majority Opinion, page 12 (emphasis added).

I disagree. First, it is unclear which entity is the owner and operator of Eagle Stream Apartments. It could be Eagle Stream Trust;[1] it could be Sunderland Properties, Inc.[2] or it could be some other entity. All we know is

---

[1] The deed to the property on which Eagle Stream Apartments was built indicates that the owner of the property is Eagle Stream Trust.

[2] The Pennsylvania Bureau of Corporations indicates that Sunderland Properties, Inc. registered the fictitious name for "Eagle Stream Apartments" and is located at the same address as Eagle Stream Apartments.

that it is not Mine Run, Inc., and since the statute of limitations has run, Appellant is barred from instituting suit against any other entity who is the "owner and operator of Eagle Stream Apartments."

I, therefore, would affirm the trial court's decision to deny Appellant's Motion for Leave to file an Amended Complaint.